Anthony L. Martin
Nevada Bar No. 8177
anthony.martin@ogletreedeakins.com
Alina Krauff
Nevada Bar No. 16266
alina.krauff@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV  89135
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorneys for Defendant Caesar Entertainment
d/b/a Flamingo Hotel and Casino*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

DEBRA A. DAVIS,

               Plaintiff,

    vs.

CAESAR
ENTERTAINMENT/dba/FLAMINGO HOTEL
AND CASINO,

               Defendant.

Case No.:  2:25-cv-02470-CDS-DJA

**[~~PROPOSED~~] STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH L.R. 26-1(b)**

Plaintiff Debra A. Davis ("Plaintiff") and Defendant Entertainment d/b/a Flamingo Hotel and Casino[1] ("Defendant"), by and through undersigned counsel, hereby submit the following Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1(b).

## I.    Procedural History

Plaintiff filed her Complaint in state court on  September 29, 2025. (ECF No. 1-2.) Defendant filed its Partial Motion to Dismiss Plaintiff's Complaint on December 19, 2025. (ECF

---

[1] Plaintiff erroneously named "Caesar Entertainment/dba/Flamingo Hotel and Casino" as Defendant; Defendant's correct legal name is Caesars Entertainment, Inc. Although related, Caesars Entertainment, Inc. is a separate and distinct legal entity from Flamingo Las Vegas Operating Company, LLC.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

No. 6.) On January 13, 2026, the Court granted Defendant's Unopposed Motion to Partially Dismiss. (ECF No. 13.) Defendant filed its Answer to Complaint on January 28, 2026.  (ECF No. 14.)

On December 16, 2025, the Court Ordered an Early Neutral Evaluation session for March 13, 2026. (ECF No. 5.) The Early Neutral Evaluation conference was conducted on March 13, 2026, but the parties were unable to reach settlement. (ECF No. 16.)

On March 16, 2026, Plaintiff filed a Motion for Leave to File a First Amended Complaint ("FAC"). (ECF No. 18.) Defendant filed a Notice of Non-Opposition to Plaintiff's Motion on March 30, 2026. (ECF No. 20.) The Court granted Plaintiff's Motion for Leave to File the FAC on March 31, 2026. (ECF No. 21.)

## II.    Fed. R. Civ. P. 26(f) Meeting

On April 6, 2026, Plaintiff and Alina Krauff, counsel for Defendant, participated in the Fed. R. Civ. P. 26(f) conference.

## III.    Initial Disclosures

Pursuant to Fed. R. Civ. P. 26(f)(3)(A), the parties stipulate that there shall be no changes to the form or requirement for disclosures under FRCP 26(a). The parties have stipulated that Defendant served its initial disclosures under FRCP 26(a) on March 6, 2026 and Plaintiff served initial disclosures on March 30, 2026.

## IV.    The Subjects on Which Discovery Will Be Conducted

The parties agree that discovery will be needed on the Plaintiff's claims and causes of action, damages, as well as the Defendant's defenses to the same consistent with the Federal Rules of Civil Procedure and the Local Rules of this District.  The parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case subject to the limitations imposed by Rule 26(b)(2).

## V.    Issues Related to The Disclosure or Discovery Of Electronically Stored Information

The parties believe that this case may involve or require the inspection or production of some electronically stored information ("ESI").  To the extent a party requests ESI, the parties agree that the ESI can be produced in paper format, as a readable image (e.g., .pdf, .jpg, or .tiff)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

file, or via hard electronic copy (e.g., CD_ROM, DVD, or Dropbox.com) while reserving the right to seek ESI thereafter if necessary and to the extent readable images are insufficient in establishing any claims or defenses. If a party later requests the ESI be produced in its native format and/or as a forensic copy, the parties agree to meet and confer to determine the parameters of the production and to produce according to the Federal Rules of Civil Procedure and LR 26-1(b)(9).

## VI.    Issues Regarding Privilege or Protection

The parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each taking reasonable steps to identify and prevent the disclosure of any document (or information) that they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

## VII.    Discovery Disputes

~~The parties agree that before moving for an order relating to discovery after complying with the Federal Rules of Civil Procedure and applicable Local Rules of this District, the moving party must request a status conference with the Court pursuant to Fed. R. Civ. P. 16(b)(3)(v).~~

## VIII.    Alternative Dispute Resolution

The parties hereby certify that they have met and conferred about the possibility of using alternative dispute resolution processes including mediation, arbitration. The parties believe private mediation may be beneficial, and the parties will meet and confer about it further. An Early

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

Neutral Evaluation conference was conducted on March 13, 2026, but the parties were unable to reach settlement.

**IX.     Alternative Forms of Case Disposition**

Pursuant to LR 26-1(b)(7-9), the parties hereby certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program.  At this time, the parties do not consent to trial by the magistrate judge or to the use of the Court's Short Trial Program.

**X.     Electronic Filing and Service:** The parties' attorneys of record in this matter are registered users with the Court's electronic filing system and as such, consent to electronic service of all documents and things electronically filed with the Court, except for pleadings and other documents set forth in Fed. R. Civ. P. 4. For documents and things that are not filed with the Court, the parties, in accordance with Fed. R. Civ. P. 5(b)(2)(F), each consent to electronic service of the same as follows: for Plaintiff, service shall be made by email to dadw67@icloud.com; and for Defendant, service shall be made by email to anthony.martin@ogletreedeakins.com and alina.krauff@ogletreedeakins.com.

**XI.     Electronic Evidence**

The parties hereby certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations.  Discussions between the parties will be ongoing as the trial date approaches, and the parties stipulate that they intend to present any electronic evidence in a format compatible with the court's electronic jury evidence display system.

**XII.     Discovery Plan**

All discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court.  The parties propose to the Court the following cut-off dates:

a.     **Discovery Cut-off Date**:  The discovery cut-off deadline shall be **Monday, July 27, 2026**, 180 days from the Date of Defendant's Answer in this case, which was filed on January 28, 2026.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

**b.     Amending the Pleadings and Adding Parties**:  The deadline to amend pleadings or add parties shall be **Tuesday, April 28, 2026**, ninety (90) days prior to the discovery cut-off date.

**c.     Expert Disclosures**:  The expert disclosure deadline shall be **Thursday, May 28, 2026**, sixty (60) days prior to the discovery cut-off date. Rebuttal expert disclosures shall be made by **Monday, June 1, 2026**, thirty (30) days after the initial disclosure of experts.

**d.     Dispositive Motions**:  Dispositive motions shall be filed by **Wednesday, August 26, 2026**, which is thirty (30) days after the discovery cut-off date.

**e.     Pretrial Order**:  The Pretrial Order shall be filed not later than **Friday, September 25, 2026**, thirty (30) days after the deadline for filing dispositive motions date. In the event dispositive motions have been filed, the Pretrial Order shall be suspended until thirty (30) days after a decision of the dispositive motions or further order of the Court.

**f.     Fed. R. Civ. P. 26(a)(3) Disclosures**:  The pretrial disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the final pretrial order in accordance with LR 26-1(b)(6).

/ / /

/ / /

/ / /

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

## XIII.    Extensions or Modifications of the Discovery Plan and Scheduling Order

In accordance with LR ~~26-4~~ 26-3, any motion or stipulation to extend a deadline set forth in this discovery plan and scheduling order shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made within 21 days of the subject deadline will be supported by a showing of good cause. Any stipulation or motion will comply fully with LR 26-4.

DATED this 7th day of April, 2026.    DATED this 7th day of April, 2026.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Debra A. Davis*                    /s/ *Alina Krauff*

Debra A. Davis                          Anthony L. Martin
3145 E. Flamingo Rd.                    Nevada Bar No. 8177
Apt. 2032                               Alina Krauff
Las Vegas, NV 89121                     Nevada Bar No. 16266
                                        10801 W. Charleston Blvd.
*In Pro per*                            Suite 500
                                        Las Vegas, NV  89135

                                        *Attorneys for Defendant Caesar Entertainment*
                                        *d/b/a Flamingo Hotel and Casino*

## ORDER

**IT IS HEREBY ORDERED** that the parties' Stipulated Discovery Plan and Scheduling Order is **granted in part** and **denied in part**. The scheduling deadlines set forth in the plan are GRANTED.  The request for a status conference with the Court before formal discovery motion practice contained in ¶ VII is DENIED. The parties shall meet and confer and brief any discovery disputes in accordance with Local Rule 26-6.

DATED: 4/9/2026

_____

Daniel J. Albregts
United States Magistrate Judge